**IT IS ORDERED as set forth below:**



**Date: February 3, 2026**

_____
_Susan D. Barrett_

United States Bankruptcy Judge
Southern District of Georgia

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 Case |
| | ) | Number 24-10795 |
| JOHN ANTHONY CROSBY, | ) | |
| Debtor. | ) | |
| _____ | ) | |

### OPINION AND ORDER ON ALL OTHER MATTERS—MOTION FOR RECONSIDERATION, MOTION TO CORRECT AND COMPLETE, MOTION TO STRIKE

Before the Court is John Anthony Crosby's ("Debtor's") pro se Master Cover Motion for Consolidated Relief, Correction of the Record, and Protection of Due Process Rights ("Motion") which includes the following motions:

1. Debtor's Motion for Reconsideration of Order Denying Motion for Short Extension of Time to Satisfy Payment Requirement Under Consent Order (Dckt. No. 180);

2. Debtor's Motion to Correct and Complete the Record in Connection with Consent Order and Order Denying Motion for Short Extension of Time (Dckt. No. 181); and

3. Debtor's Motion to Strike Misrepresentations and Factual Mischaracterizations in CubeSmart's Opposition to Debtor's Motion for Short Extension of Time and to Correct the Record (Dckt. No. 182).

Dckt. Nos. 179–182.

For the following reasons, Debtor's motions are DENIED.

## FACTS

Debtor has filed numerous interrelated pleadings in this matter. The underlying facts and analysis of this matter are set forth in the Court's order denying Debtor's Emergency Motion for Stay Pending Appeal ("Order Denying Stay") being entered contemporaneously with this order and are not repeated in this order. See Dckt. No. 202.

## CONCLUSIONS OF LAW

The Court addresses the matters raised in the Motion as follows:

**Motion for Reconsideration.**

Debtor requests the Court "reconsider and vacate its November 24, 2025 Order . . . . under Fed. R. Civ. P. 60(b)(1), (4) and (6), as incorporated by Fed. R. Bankr. P. 9024, because . . . the Order constitutes clear error, a denial of due process, and an abuse of discretion." Dckt. No. 180, at 1 (emphasis omitted). The order in question is the Court's denial of Debtor's request for an extension of the payment deadline set forth in a strict compliance order ("Strict Compliance Order"), the terms of which the parties previously agreed to at the October hearing. Dckt. No. 167. Under the terms of the Strict Compliance Order, Debtor would pay CubeSmart $10,000.00 on or before November 25, 2025; in the event Debtor failed to make this payment timely, CubeSmart could file an affidavit of default and Debtor would be allowed ten days to respond disputing the fact of payment default; in the event

2

Debtor failed to timely file "a counter-affidavit . . . disputing the <u>fact</u> of default, an order [would] be entered lifting the automatic stay, without further motion, notice or hearing."  Dckt. No. 163 (emphasis in original).  Debtor acknowledges the terms of the order "align with what [he] genuinely understood at the [October] hearing."  Dckt. No. 165, at 1.

On November 21, 2025, Debtor filed a Motion for Short Extension of Time to Satisfy Payment Requirement Under Consent Order ("Motion to Extend Time"), stating:

> Upon reviewing the Order, [Debtor] immediately recognized that [the] provisions align with what [Debtor] genuinely understood during the hearing . . . . Regarding the payment deadline, [he] explained in court that [his] primary source of the $10,000 payment would be funds owed to [him] by [his] sister, Monique A. Harrington, from her personal injury settlement . . . . [which] involves a physical two-party check . . . at the attorney's office in Michigan. Earlier this week, she informed [him] . . . she cannot travel to Michigan until December 7th-8th . . . . Immediately upon learning this, [Debtor] acted responsibly and secured a secondary source of funds . . . . the transaction cannot close until shortly after Thanksgiving.

Dckt. No. 165, at 1–2.  The Court duly considered and denied Debtor's motion.

Federal Rule of Civil Procedure 60(b)(1), (4) and (6)[1] provide:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>> (1) mistake, inadvertence, surprise, or excusable neglect . . .
>> (4) the judgment is void . . . ; or
>> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1), (4), and (6).  The burden to establish relief is appropriate rests with Debtor. See <u>Worldstar Commc'ns Corp. v. Feltman (In re Worldwide Web Systems, Inc.)</u>, 328 F.3d 1291, 1295 (11th Cir. 2003).  For the following reasons, the Court finds no Rule 60(b) grounds to grant Debtor's request for reconsideration.  Debtor has not demonstrated "mistake, inadvertence, surprise, or

---

[1]   Made applicable by Federal Rule of Bankruptcy Procedure 9024,

excusable neglect." Fed. R. Civ. P. 60(b)(1).  As discussed above, and in the Order Denying Stay, Debtor agreed to the terms of the Strict Compliance Order at the October hearing.  At the October hearing, given the nature of CubeSmart's debt, involving an executory contract for the rental of an out-of-state storage unit, not necessary for Debtor's reorganization, without any equity, for which no post-petition payments have been made, with a total pre- and postpetition arrearage of $10,000.00, the Court announced that but for the agreed upon strict compliance terms, relief from the stay would be granted. See generally 11 U.S.C. §362(d) (relief is granted for cause, including a lack of adequate protection, a lack of equity, and the property is not necessary for an effective reorganization); 11 U.S.C. §365(b)(1) and §1322(b)(7) (debtors must promptly cure defaults or provide adequate assurances of a promote cure and future performance of executory contracts).  The Court clearly informed Debtor of the strict nature of the order and explained Debtor's only defense to enforcement of the order would be that payment had duly been tendered but not properly credited by to Debtor's account.

Given the facts of this case, Debtor did not have sufficient cause for an extension of the payment deadline.  There is no mistake, inadvertence, surprise, or excusable neglect.

> When dealing with a consent order[,] rules of contract interpretation apply. Sierra Club v. Meiburg, 296 F.3d 1021, 1029 (11th Cir. 2002).  "A party seeking to modify a consent order has a high hurdle to clear and the wind in its face." Id. at 1034 . . . . U.S. v. Eyler, 778 F. Supp. 1553, 1558 (M.D. Fla. 1991) (denying motion to reconsider consent decree where there was no evidence of fraud in the inducement, fraud in the execution, duress, mutual mistake or any other type of inequity); Sheng v. Starkey Labs., Inc., 117 F.3d 1081, 1084 (8th Cir. 1997) (settlement agreement not reconsidered where there was no mutual mistake); Brown v. Cnty. of Genesee, 872 F.2d 169 (6th Cir. 1989) (only fraud or mutual mistake justify reopening an otherwise valid settlement agreement). Rule 60(b) relief is extraordinary and where a party makes a deliberate and strategic choice to settle, he cannot be relieved of the terms of the agreement merely because the consequences are different than he anticipated. See Andrulonis v. U.S., 26 F.3d 1224, 1235 (2d Cir. 1994) (party cannot be relieved of settlement when the consequences are different than expected).

In re McFarland, No. 11-10218, 2016 WL 882168, at *6 (Bankr. S.D. Ga. Mar. 7, 2016).  See also In

re Taub, 421 B.R. 93, 106 n.4 (Bankr. E.D.N.Y. 2009) (citing Nemaizer v. Baker, 793 F.2d 58, 62 (2d Cir. 1986)) ("Mere dissatisfaction in hindsight with choices deliberately made . . . is not grounds for finding the mistake, inadvertence, surprise or excusable neglect necessary to justify Rule 60(b)(1) relief."); In re Bella Fiore LLC, No. 14-14303, 2016 WL 4480717, at *11 (Bankr. D.N.J. Aug. 23, 2016) ("A consent order may be not rescinded or modified merely because it is no longer convenient for a party to comply with the consent order."). In this matter, there has been no mistake, inadvertence, surprise, or excusable neglect. See Fed. R. Civ. P. 60(b)(1).

There also are no grounds for the ruling to be void pursuant to Rule 60(b)(4). "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of the notice or opportunity to be heard." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010). The Debtor's Motion asserts his due process rights were violated because "notice, [ ] opportunity to be heard, [and] findings sufficient for review" were not provided. Dckt. No. 179, at 3. The Court disagrees. Debtor was fully afforded notice and an opportunity to be heard, and appropriate findings were made. The terms of the Strict Compliance Order were agreed upon after notice and hearing in October. The Order was entered and aligns with terms Debtor understood and agreed to. See Dckt. No. 165, at 1 ("Upon reviewing the [Strict Compliance] Order, [Debtor] immediately recognized that [the Court's] provisions align with what [he] genuinely understood during the hearing."). Debtor filed a motion requesting additional time to make the payments. The Court fully considered this request and denied the request. There is no requirement for a hearing, nor is a hearing merited. The Strict Compliance Order expressly provides for action without "further motion, notice or hearing." Dckt. No. 163. See also Fed. R. Bankr. P. 9006(b)–(c) (The court can extend or reduce the time to perform an act with or without notice and no

hearing is required); Conway v. Heyl (In re Heyl), 609 B.R. 194, 201 (B.A.P 8th Cir. 2019) ("Rule 9006 does not require hearing on motions to enlarge/extend the time.").  Further, no hearing is required to the extent the Court treated Debtor's Emergency Motion as a motion for relief from the terms of the Strict Compliance Order.  See Fed. R. Bankr. P. 9023, 9024; Gupta v. U.S. Att'y Gen., No. 20-12881, 2021 WL 3011931, at *4 (11th Cir. July 14, 2021) ("A district court does not abuse its discretion in denying a request for an evidentiary hearing for a Rule 60(b) motion when the hearing would not aid the court's analysis."); Vasconcelo v. Miami Auto Max, Inc., 851 F. App'x 979, 985 (11th Cir. 2021) ("[N]othing in rule 60(b) or our case law interpreting it compelled the district court to hold an evidentiary hearing before making its findings."); In re Farnham, 666 B.R. 693, 704 (Bankr. M.D. Ga. 2024) ("A party does not have a right to a hearing on a motion to reconsider—particularly, as here, when a hearing would not assist the court in reaching a decision.").

Furthermore, contrary to Debtor's assertions, the Court was not required to issue detailed findings of fact and conclusions, especially in light of the language in the Strict Compliance Order providing that relief would be granted "without further motion, notice or hearing."  Dckt. No. 163. Under the terms of Federal Rule of Civil Procedure 52(a)(3),[2] the Bankruptcy Court "is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, any other motion."  Fed. R. Civ. P. 52(a)(3).  There is no rule requiring the Court to issue findings of fact or conclusions of law when considering a request for an extension of time in this matter.

> In the bankruptcy context, findings are required for Rule 41(b)[3] motions, but bankruptcy courts enjoy broad discretion in deciding whether it is necessary to issue findings and conclusions in deciding other motions.  In the interest of "preserving the

---

[2]   Made applicable by Federal Rules of Bankruptcy Procedure 7052 and 9014(a).

[3]   Federal Rule of Civil Procedure 41(a) is not applicable to the current matter.

sanity of bankruptcy judges," bankruptcy courts follow the Rule 52(a)(3) exceptions in practice . . . . In general, bankruptcy appellate panels remand for findings only if "the record does not enable [them] to ascertain the basis for the bankruptcy judge's decision."

9C Wright & Miller's Federal Practice & Procedure §2574 (3d ed. 2025) (footnotes omitted).  There was no reason for a recitation of findings of fact or conclusions of law when deciding Debtor's Motion to Extend Time.  The grounds included in the motion on its face did not comport with the terms of the Strict Compliance Order for an extension, and the request was duly considered and denied.  Again, the Court fully considered and weighed each and every declaration made by Debtor, and the extension was not merited or appropriate.  Debtor's assertions of the Court improperly considering matters outside his own pleadings also are baseless.

The fact that Debtor did not receive the Strict Compliance Order until November 20 does not change this conclusion.[4]  Debtor acknowledges the terms of the Strict Compliance Order "align with what [he] genuinely understood at the hearing."  Dckt. No. 165, at 1.  These payment terms and consequences were clearly agreed upon by all the parties at the October 20 hearing and merely memorialized in the Strict Compliance Order.  Debtor's due process rights have not been impeded upon or violated.  Debtor had the opportunity to participate in the hearing, and he did participate in the hearing.  In fact, he agreed to the terms of the order.  The Court clearly informed Debtor of the consequences should he fail to timely make the payments.  As discussed herein and in greater detail in the Order Denying Stay, the terms of the Strict Compliance order were appropriate given the facts and circumstances of this case.

For these reasons, Debtor's request for reconsideration is denied.

---

[4]   At the conclusion of the October hearing, CubeSmart was instructed to work with Debtor to submit a Consent Order containing the terms agreed to at the hearing.  Ultimately, the Court drafted and entered an order in accordance with the agreed-upon terms.  See Dckt. Nos. 163, 165.

**Motion to Correct and Complete the Record in Connection with the Consent Order and Order Denying Motion for a Short Extension of Time.**

Second, Debtor asks the Court to "correct and complete the record pursuant to Fed. R. Civ. P. 60(a), 60(b), 52(b), and 59(e). . . ." Dckt. No. 181, at 1. The record speaks for itself, and there are no grounds for any corrections.

**Motion to Strike Misrepresentations and Factual Mischaracterizations.**

Debtor asks the Court to "strike the materially false, misleading, and prejudicial statements contained in CubeSmart's Opposition . . . and to correct the record . . . ." Dckt. No. 182, at 1. Again, the record speaks for itself, and for the reasons discussed above, the Court denies this request.

For these reasons, Debtor's Motion and the motions incorporated therein are ORDERED DENIED.

**[END OF DOCUMENT]**